No. 43810.—Protest 958354–G of N. Minami & Co. (Los Angeles).

Tilson, Judge:    This suit has been submitted for decision upon the following stipulation, entered into by and between counsel for the respective parties:

1) That merchandise represented on the invoice by the items marked "A" and initialed by Examiner H. J. Reed, assessed with duty at 70 percent under paragraph 1513, tariff act of 1930, as Christmas tree decorations made wholly or in chief value of tinsel, wire, lame or lahn, bullions or metal threads, is the same in all material respects as that passed upon in Kresge v. US, TD48975, and therein held dutiable at 45 percent under paragraph 397, tariff act of 1930, as articles or wares not specially provided for, composed wholly or in chief value of metal; except that invoice item W. W. B. is composed in chief value of paper, not specially provided for.

2) That merchandise represented on the invoice by the items marked "B" and initialed by Examiner George R. Gulick, assessed with duty at 45 percent under paragraph 397, as manufactures of metal not specially provided for, is the same in all material respects as the chip wreaths passed upon in Minami v. US, CD 72, and therein held to be dutiable at 35 percent under paragraph 353, tariff act of 1930, as parts of articles having as an essential feature an electrical element or device.

3) That the records in said decided cases TD 48975 and CD 72, may be incorporated herein, and that upon this stipulation the protest may be deemed submitted, it being limited to the items marked "A" and "B" as above indicated.

Plaintiff waives the right to first docket call and further amendment of this protest.

On the agreed facts, we hold the items of merchandise marked "A" and checked HJR on the invoice, represented by the manufacturer's numbers SS–15 and SFB–15, to be properly dutiable at 45 percent ad valorem under paragraph 397 of the Tariff Act of 1930, as articles not specially provided for, in chief value of base metal, not plated, nor colored with gold lacquer.

The items of merchandise marked "B" and checked GRG on the invoice, we hold to be properly dutiable at 35 percent ad valorem under paragraph 353 of said act, as articles having as an essential feature an electrical element or device, in chief value of metal and not specially provided for.

As to the merchandise marked "A" and checked HJR on the invoice, represented by the manufacturer's number WWB–15, wherein counsel have attempted to stipulate that it is in chief value of paper, not specially provided for, we consider that part of the stipulation, "not specially provided for," as an attempt to stipulate the law, and we, therefore, decline to accept that part of said stipulation. Forstmann v. United States, 26 C. C. P. A. 336, C. A. D. 37.

However, in the first part of the stipulation, we have an agreement between counsel that the merchandise marked "A" and checked HJR, manufacturer's number WWB–15, is similar in all material respects to the merchandise the classification of which was involved in Kresge v. United States, T. D. 48975, wherein the merchandise was held to be bells.   Therefore, accepting that part of the stipulation to the effect that the merchandise marked "A" and checked HJR on the invoice, manufacturer's number WWB–15, is similar in all material respects to that involved in Kresge, supra, as an agreement of fact, that said merchandise is in

fact bells, and further accepting the stipulation that they are in chief value of paper, as a statement of fact, we hold said item to be properly dutiable at 35 percent ad valorem under paragraph 1413 of the said act, as manufactures of paper, not specially provided for, thus entirely disregarding the stipulation of law involved herein.

To the extent indicated the specified claims in this suit are sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.